**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT FORD, et al., | ) |
|     Plaintiffs, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO.<br>)   06-0423-BH-C |
| CHAMPION ENTERPRISES, INC., et al., | )<br>) |
|     Defendants. | ) |

**ORDER**

This action is before the Court on plaintiffs' motion (Doc. 15) to compel arbitration and the motions (Doc. 21, 26, 27 and 32) filed by defendant Champion Home Builders Co. ("CHB")[1] to strike Exhibit 1 to plaintiffs' motion to compel, which was filed separately (Doc. 17), Janice Ford's subsequently filed Affidavit (Doc. 25-2), Exh. 1 to plaintiffs' reply (Doc. 24) to CHB's response in opposition to plaintiffs' motion to compel, and Janice Ford's revised Affidavit (Doc. 31).  Upon consideration of the aforementioned motions, defendants' respective responses (Docs. 20 and 22) in opposition to the motion to compel arbitration, plaintiffs' replies in support of arbitration (Docs. 23 and 24), plaintiffs' responses (Doc. 25 and 31) in opposition to CHB's motion to strike, and all other pertinent portions of the record, the Court concludes that plaintiffs' motion to compel arbitration is due to be denied while CHB's motions to strike are due to be granted.

---

    [1]Champion Home Builders Co. was incorrectly named in the complaint as "Champion Home Builders Co., Inc."

      1.      <u>Motions to Strike</u>

With respect to CHB's motions to strike (Doc. 21, 26 and 27), the Court finds that the affidavit of Janice Ford, which was first filed as an attachment to plaintiffs' response (Doc. 25) in opposition to CHB's motion to strike, is untimely and contains neither a declaration that it is based upon her own personal knowledge nor, more importantly, any evidence to substantiate that any of the defendants were either signatories or otherwise bound to either of the two excerpted arbitration clauses, the first identified as Exh. 1 to the motion to compel, albeit filed separately as Doc. 17; and the second identified as Exh. 1 to plaintiffs' reply (Doc. 24) to CHB's response in opposition to the motion to compel arbitration. Ms. Ford declares only that the excerpted arbitration clauses[2] came from the warranty manual she received "at the time I purchased my mobile home." Doc. 25-2. No other details of any kind are given. Ms. Ford has failed to proffer any signed contract which contains an arbitration clause such as she seeks to impose upon the defendants. Consequently the evidence of record does not establish the existence of a valid agreement to arbitrate. Ms. Ford's affidavit and the excerpted arbitration clauses at Doc. 17 and Doc. 24-2 are therefore due to be stricken.[3]

---

[2]Although Ms. Ford declares that the excerpted warranty and arbitration clauses came from her warranty manual, she has failed to explain why the first excerpt bears page numbers from 4 to 7 while the second excerpt bears a page number of 10 followed by an unnumbered page.

[3]Although the second affidavit executed by Ms. Ford on October 27, 2006, and attached to plaintiffs' second response (Doc. 31) does declare that it is based on Ms. Fard's personal knowledge, the affidavit still fails to substantiate that any of the defendants were either signatories or otherwise bound to the excerpted arbitration clauses at issue and remains untimely.

2.      Motion to Compel Arbitration

As CHB correctly sets forth in its response, adopted by the remaining defendant, Champion Enterprises, Inc. ("CEI"), arbitration can only be compelled under the Federal Arbitration Act ("FAA") where there is "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . ., or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA also provides, in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.*

9 U.S.C. § 3 (emphasis added).  Finally, it cannot be disputed that "arbitration is a creature of contract and no party can be compelled to submit a dispute to arbitration without having given prior contractual consent to do so." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1011 (11th Cir. 1998), *citing*, *AT&T Tech., Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

Plaintiffs first argue that "[t]here is a strong federal preference for arbitration of disputes expressed by Congress in the FAA that must be enforced wherever possible." Motion to Compel (Doc. 15) at ¶ 9, *citing*, *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003). Plaintiffs then acknowledge that: "In determining whether the parties agreed to arbitrate a particular dispute, courts consider: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement." *Id*. at ¶ 10, *quoting*, *Patriot Manufacturing, Inc. v. Dixon*, 399 F.Supp 2d 1298 (S.D. Ala. 2005). Plaintiffs have, however, for the reasons stated above and in the defendants' respective opposition briefs, failed to establish that a valid agreement to arbitrate exists with respect to either CHB or CEI or that such agreement involved interstate commerce.[4] Consequently, the motion to compel arbitration must be denied.[5]

---

[4]The Court must also point out that, with respect to the document submitted by the plaintiffs as the arbitration agreement, one of the excerpted paragraph clearly states that "the Claim(s) first shall be mediated as administered by the American Arbitration Association under its Commercial Mediation Rules **before resorting to binding arbitration.**" Doc. 17 (emphasis added). The Court is also hard-pressed to accept the documents proposed by the plaintiffs as a valid agreement to arbitrate when plaintiffs themselves contend that they "dispute that the commercial rules do not apply and that splitting the costs equally is not allowed." Motion to Compel at ¶ 5.

[5]Even had the evidence of record established the existence of a valid arbitration agreement, plaintiffs clearly waived their right to compel arbitration by filing and prosecuting this litigation without ever reserving the right to compel arbitration. As the Eleventh Circuit held in *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995), "the doctrine of waiver is not an empty shell." Plaintiffs in the case at bar substantially participated in this litigation to a point inconsistent with an intent to arbitrate and, despite plaintiffs' protestations to the contrary, this participation clearly results in prejudice to the defendants. *See e.g.*, *S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)("Thus, a party that '[s]ubstantially

For the reasons stated above, it is **ORDERED** that plaintiffs' motion to compel arbitration (Doc. 15) be and is hereby **DENIED** while CHB's motions to strike (Docs. 21, 26 and 27) be and are hereby **GRANTED**.   In view of this decision, it is **FURTHER ORDERED** that this action now be referred to the Magistrate Judge for the entry of an appropriate Rule 16(b) Scheduling Order.

**DONE** this 30th day of October, 2006.

                                                                                   s/ W. B. Hand
                                                           SENIOR DISTRICT JUDGE

---

invok[es] the litigation machinery' prior to demanding arbitration may waive its right to arbitrate [and] [a] party has waived its right to arbitrate if, 'under the totality of the circumstances, the ⋯ party has acted inconsistently with the arbitration right', [citation omitted] and, in so acting, has in some way prejudiced the other party."); *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1524, 1543 (11th Cir. 1990)("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration.").